Oumlom, J.
delivered the opinion of the court.
On the IsGday of January, 1816, complainant, Berryhill, and defendants, M’Kee and Greenway, entered into articles of partnership to carry on trade and merchandise in Nashville. Berryhill was to be the active partner. The firm continued to do business till the 8th of October, 1822, when they dissolved, • and the effects of the firm were placed in the hands of E. Xi. Foster, Esq. as trustee, (who is also made defendant,) to collect and pay the effects of the firm to those entitled. Before the dissolution Berryhill endorsed a note, in the partnership name, for Thomas Ramsey, which had been previously endorsed by Wm. Campbell, which note was negotiated to the president, directors, &c. of the bank of the State of Tennessee.
The firm of Berryhill, M’Kee and Greenway were accommodation endorsers. The note was protested for nonpayment. Suit was instituted against the maker and all the endorsers, and judgment recovered against them; and owing to the insolvency of those liable before Berryhill^ M’Kee and Greenway, Berryhill has had to pay the greater part of the judgment, and Berryhill files his bill to recover contribution from M’Kee and Greenway, or, to have the joint effects in the hands of Foster, the trustee, made liable.
The articles of partnership do not in terms, or by any reasonable construction, authorize one of the partners to sign the name of the firm to an accommodation note, such as the one in question was. And it is very clearly settled that where the authority is exercised in the absence of an agreement to that effect between the partners, that as between themselves, the partners who do not make the endorsement are not bound. The question, when it arises between themselves, is a very different one from that which would arise where third persons are concerned who have taken the note in the fair course of trade without notice of the want of authority. See 19 John. Rep. 154: 5 Con. Rep. 574: 1 Wend- *37 Rep. 529. The answers of MKee and Green way deny the authority to make the endorsement.
It is insisted for the complainant that the endorsement against the firm is prima facie evidence of the joint liability of all the members of the firm, and that this presumption is not removed. The court is of a different opinion. The bill, answers of defendants, and the articles of co-partnership, all negative the idea that Berryhill had any authority to use the name of the firm for any such purpose.
But the complainant’s counsel relies upon a letter written by defendant, Greenway, to Berryhill, dated 11th January, 1823, in which he says: “I regret extremely to learn by yesterday’s mail that we are to sustain so serious a loss by your endorsement for Ramsey, and the whole is likely to fall upon the concern.” This letter was written after the dissolution, and therefore could not affect the rights of others. The tone of'this letter shows surprise, and that the writer had for the first time come to the knowledge of the endorsement for Ramsey, and believing, as he no doubt did, that he was liable to the holder of the note, it accounts for the phraseology of the letter; and it by no means, in the opinion of the court, ratifies the endorsement, nor does it prove any authority ever did exist to endorse the note.
We are of opinion that the bill be dismissed. Let the decree be reversed and the bill dismissed.